## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TIMOTHY R. SCHLECK,<br>              Appellant, | DOCKET NUMBER<br>DC-1221-17-0377-W-1 |
|               v. | |
| DEPARTMENT OF THE NAVY,<br>              Agency. | DATE:  February 2, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Daniel Tesler</u>, Esquire, Beverly, Massachusetts, for the appellant.

<u>Matthew B. Hawkins</u>, Esquire, <u>Meghan Stoltzfus</u>, Dahlgren, Virginia,
    for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of Board jurisdiction because he failed to raise a nonfrivolous allegation that he made a protected disclosure under 5 U.S.C. § 2302(b)(8).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address: the claims that the appellant exhausted before the Office of Special Counsel (OSC); the appellant's additional allegation of making a protected disclosure; the appellant's claim that the agency perceived him as a whistleblower; and the administrative judge's failure to rule on the appellant's discovery motions, we AFFIRM the initial decision.

## BACKGROUND

On August 24, 2015, the agency appointed the appellant to the position of Scientist, ND-1520-02, subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 14 at 59.[2] In this role, the appellant served as a system safety engineer, conducted safety analysis, and evaluated critical systems for safety hazards. IAF, Tab 1 at 23.

---

[2] As the administrative judge did in the initial decision, we cite to the agency's evidence here solely for background purposes. We have not considered the agency's argument or evidence with regard to the dispositive jurisdictional issues. *See generally Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1368-69 (Fed. Cir. 2020) (explaining that the Board may not deny jurisdiction in an IRA appeal by crediting the agency's interpretation of the evidence as to whether the alleged disclosures fell within the protected categories or whether the disclosures were a contributing factor in an adverse personnel action).

On April 7, 2016, the appellant sent an email to eight agency supervisors entitled, "Tim's Attempt at Formalization of Hazard Theory." *Id.* at 50. In this email, the appellant sought input on and consideration of researching an alternative to the method used by the agency for the identification, classification, and mitigation of hazards. *Id*. The appellant attached a spreadsheet with definitions and mathematical formulas to support his attempt at a new theory. *Id*. at 51-52.

On April 14, 2016, the appellant had a conversation regarding the April 7, 2016 email with his first-line supervisor. IAF, Tab 1 at 12, 65. The appellant claims that during this conversation, his supervisor advised that others at the agency had a problem with the email. *Id*. at 65. His supervisor further expressed frustration with the division and how nothing could be done, to which the appellant allegedly responded, "because nobody shines the light of day on it." *Id*.

On May 19, 2016, the appellant sent his supervisors an email stating that he was resigning from his position. IAF, Tab 14 at 52. The appellant's supervisors, both of whom received the April 7, 2016 email, met with him to provide encouragement and permitted him to retract his resignation, which he did. IAF, Tab 1 at 50, Tab 14 at 29. However, the appellant's supervisors advised him that he needed to improve his performance, as he was still in his probationary period. IAF, Tab 14 at 29. The appellant failed to improve his performance, prompting the agency to terminate him during his probationary period, effective July 27, 2016. IAF, Tab 1 at 54-56, Tab 14 at 43.

On November 2, 2016, the appellant filed a request for corrective action with OSC, claiming that the agency terminated him in reprisal for making whistleblowing disclosures. IAF, Tab 1 at 60-69. The appellant cited the April 7, 2016 email and the conversation that he had with his first-line supervisor on April 14, 2016, as his protected disclosures. *Id*. at 65. The appellant also claimed that the agency perceived him as a whistleblower. *Id*. at 61, 67.

On March 10, 2017, the appellant filed an IRA appeal with the Board and requested a hearing, raising the same allegations as in his OSC complaint, as more than 120 days had elapsed since the filing of his request without notification of whether OSC would take action. IAF, Tab 1 at 3, 17-19, 60-61, 65, 67; *see* 5 U.S.C. § 1214(a)(3)(B). After the parties submitted argument and evidence, the administrative judge issued an initial decision on the written record, dismissing the appeal for lack of Board jurisdiction. IAF, Tab 17, Initial Decision (ID). In the initial decision, the administrative judge found that the appellant exhausted his administrative remedies with OSC when he raised the April 7, 2016 email as his protected disclosure, but the email was not a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8). ID at 5-8. The absence of a nonfrivolous allegation of a protected disclosure divested the Board of jurisdiction. ID at 5-9. The initial decision reached no conclusion on the appellant's additional claims. *Id*. There is also no ruling in the record on the discovery motions filed by the appellant.[3]

The appellant filed a petition for review on August 4, 2017, arguing that the initial decision failed to address his claim that the agency perceived him as a whistleblower, while also containing erroneous findings of material facts and application of law. Petition for Review (PFR) File, Tab 1 at 5-17. The appellant then claims that he made a nonfrivolous allegation that his protected disclosures and/or perceived whistleblower status was a contributing factor in his termination. *Id.* at 17-19. The agency responded in opposition and the appellant filed a reply. PFR File, Tabs 3-4.

---

[3] On April 24, 2017, in a single pleading, the appellant filed a motion to compel, a request for a subpoena, and a request for an extension of time to conduct discovery. IAF, Tab 4.

**DISCUSSION OF ARGUMENTS ON REVIEW**[4]

The Board has jurisdiction over an IRA appeal if an appellant proves that he exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action outlined in 5 U.S.C. § 2302(a).[5] *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 12 (2016). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 7 (2016). The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020).

<u>The appellant exhausted his administrative remedies before OSC.</u>

Absent an action directly appealable to the Board, only allegations of protected disclosures of information, along with personnel actions, that an appellant first raises and exhausts with OSC may be considered by the Board in an IRA appeal. *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011); *Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 7 (2006). To satisfy the exhaustion requirement, an appellant must inform OSC of the precise ground of his charge of reprisal for whistleblowing, giving OSC a sufficient basis to pursue an investigation which might lead to corrective action. *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992); *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014),

---

[4] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[5] The appellant does not allege that he engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

*aff'd per curiam*, 626 F. App'x 261 (Fed. Cir. 2015). The test of the sufficiency of an appellant's charges of reprisal for whistleblowing to OSC is the statement that he makes in the complaint requesting corrective action, not his post hoc characterization of those statements. *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993); *see Miller*, 122 M.S.P.R. 3, ¶ 6. If, as in this case, 120 days pass after the filing of a request for corrective action with OSC, and an appellant has not received notification of whether OSC will take action, an IRA appeal may be filed with the Board. 5 U.S.C. § 1214(a)(3)(B); *see* IAF, Tab 1 at 19-20, 60.

The undisputed record shows that the appellant filed a request for corrective action with OSC on November 2, 2016, claiming that the agency terminated him in reprisal for his whistleblowing disclosures. IAF, Tab 1 at 60-69. In this request, the appellant cited the April 7, 2016 email and the conversation that he had with his first-line supervisor on April 14, 2016, as his protected disclosures. *Id.* at 65. The appellant also claimed that the agency perceived him as a whistleblower. *Id*. at 61, 67. The administrative judge correctly determined in the initial decision that the appellant exhausted his administrative remedies with OSC regarding his allegation that the agency retaliated against him for the April 7, 2016 email. ID at 5. However, the initial decision is silent on whether the appellant also exhausted his other alleged protected disclosure, the April 14, 2016 conversation with his first-line supervisor, and his claim that the agency perceived him as a whistleblower. ID at 5. Because the appellant raises these claims in this appeal, included both in his request for corrective action with OSC, and a sufficient basis existed for OSC to initiate an investigation, these too were exhausted. IAF, Tab 1 at 17-18, 61, 65, 67. As such, these must be analyzed to determine if either meets the nonfrivolous allegation standard in order for the appellant to further establish Board jurisdiction over his appeal.

<u>The April 7, 2016 email and April 14, 2016 conversation are not nonfrivolous allegations of protected disclosures under 5 U.S.C. § 2302(b)(8).</u>

To establish jurisdiction over an IRA appeal, an appellant is not required to prove that he made protected disclosures; rather, he is required to make a nonfrivolous allegation that his disclosures were protected. *Grubb v. Department of the Interior,* 96 M.S.P.R. 377, ¶ 11 (2004). Protected whistleblowing takes place when an appellant makes a disclosure that he reasonably believes evidences a violation of law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health and safety. *DeLeonardo v. Equal Employment Opportunity Commission,* 103 M.S.P.R. 301, ¶ 6 (2006). The proper test for determining whether an appellant had a reasonable belief that his disclosures revealed misconduct prohibited under the whistleblower protection statutes is whether a disinterested observer, with knowledge of the essential facts known to and readily ascertainable by an appellant, could reasonably conclude that the disclosure describing the actions of the Government evidences wrongdoing as defined in 5 U.S.C. § 2302(b)(8). *DeLeonardo,* 103 M.S.P.R. 301, ¶ 6.[6]

The appellant claimed that the April 7, 2016 email that he sent constitutes a nonfrivolous allegation of a protected disclosure because it identifies gross mismanagement, a gross waste of funds, and/or a specific danger to public health or safety.[7] IAF, Tab 1 at 17-18, 50. The email does not mention or provide

---

[6] The Whistleblower Protection Enhancement Act (WPEA), which went into effect on December 27, 2012, does not affect the relevant holding in this cited authority, nor does it affect the relevant holdings in the other authorities cited herein that were issued prior to the effective date of the WPEA. *See* Pub. L. No. 112-199, 126 Stat. 1465 (2012).

[7] Although we are cautious in considering documentary evidence at the jurisdictional stage, we need not consider the appellant's allegations "in a vacuum." *See Hessami,* 979 F.3d at 1365 n.5. Beyond an appellant's allegations, "the Board may also consider sources such as 'matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.'" *Id.* (citing *A&D Auto Sales, Inc. v. United States,* 748 F.3d 1142, 1147 (Fed. Cir. 2014)). We find it appropriate to look beyond the appellant's allegation to consider the documents, i.e., the April 7, 2016 email the appellant attached and referenced, to give his allegation greater context.

examples of any of these areas. *Id*. at 50. Instead, through this email, the appellant seeks input and consideration from supervisors on researching an alternative to the method that the agency used for the identification, classification, and mitigation of hazards. The language used by the appellant in the April 7, 2016 email further establishes that he did not reasonably believe that he was disclosing a situation specified in 5 U.S.C. § 2302(b)(8). The appellant asks for permission to proceed with the work when he started the email with, "For your consideration-here is the humble beginning of an attempt I was making at formalizing Hazard Theory." *Id*. The appellant states that definitions under the current method to which he was proposing change can be "interpreted differently by equally reasonable people . . . ." *Id*.

The appellant may have disagreed with the agency's policies regarding the identification, classification, and mitigation of hazards, an area over which there might be subjective differences of opinion. The April 7, 2016 email illustrates this position and was the appellant's attempt to research a different approach. It is well settled that the whistleblower protection statutes are not a tool to be used in arguments over policy disagreements. *See McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 61 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012). Questioning management decisions, criticizing standards, or expressing general policy disagreements with agency decisions or actions are not protected unless they separately constitute a protected disclosure of one of the categories of wrongdoing listed in section 2302(b)(8)(A). *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015) (finding that a position paper was a policy disagreement with the agency's decisions and was not a protected disclosure). Similarly, speculations of danger, with nothing more, are not protected disclosures. *See Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 10 (2013) (holding that a disclosure of speculative danger is not a protected disclosure). Therefore, we find that the administrative judge properly

determined that the appellant failed to nonfrivolously allege that the April 7, 2016 email was a protected disclosure. ID at 5-8.

The appellant also claims that the April 14, 2016 conversation with his supervisor constitutes a nonfrivolous allegation of a protected disclosure. IAF, Tab 1 at 17-18, 65. During this conversation, the participants discussed the April 7, 2016 email. *Id*. at 65. The appellant claims that his supervisor also expressed frustration with the division and how nothing could be done, to which the appellant purportedly responded, "because nobody shines the light of day on it." *Id*. The absence of any other information regarding this conversation, coupled with the finding that the April 7, 2016 email was not a nonfrivolous allegation of a protected disclosure, leads to the conclusion that the appellant did not reasonably believe that he was disclosing wrongdoing during this conversation. *See Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, ¶ 10 (1999) (finding that general conclusory allegations lacking in specificity of any disclosure of wrongdoing do not constitute a nonfrivolous allegation of a protected disclosure in an IRA appeal).

Thus, we find that the appellant did not meet his burden of proving that the April 7, 2016 email and April 14, 2016 conversation are nonfrivolous allegations of protected disclosures.

<u>The appellant failed to make a nonfrivolous allegation that the agency perceived him as a whistleblower.</u>

An appellant who is perceived as a whistleblower by an agency is still entitled to the protections of the whistleblower protection statutes, even if he has not made a protected disclosure. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 6 (2011). However, an appellant alleging reprisal under this theory still must meet the Board's jurisdictional requirements for an IRA appeal. *King*, 116 M.S.P.R. 689, ¶ 9.

The appellant's claim that the agency perceived him as a whistleblower hinges on the fact that he was removed a little more than 4 months after he sent

the April 7, 2016 email. The mere fact that a personnel action occurred is not enough to determine that the appellant nonfrivolously alleged that the agency perceived him as a whistleblower. The Board requires an appellant to provide more than vague, conclusory, and unsupported assertions to meet the nonfrivolous standard. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015), *aff'd per curiam*, 663 F. App'x 921 (Fed. Cir. 2015). The appellant falls short of this threshold here.

The variety of fact patterns that the Board has found to support a claim that an individual was perceived as a whistleblower, i.e., evidence of agency officials appearing to believe that an appellant engaged in or intended to engage in whistleblowing activity, are not present in this appeal. For example, in *Special Counsel v. Department of the Navy*, 46 M.S.P.R. 274, 276, 280 (1990), the Board held that an employee's perception as a whistleblower arose from the fact that the agency mistakenly believed that the employee was the individual who telephoned an agency hotline. In *Holloway v. Department of the Interior*, 82 M.S.P.R. 435, ¶ 15 (1999), the appellant set forth a nonfrivolous allegation that the agency perceived him as a whistleblower after a newspaper reported that he disclosed "fraud, waste and abuse" at his agency. In *Mausser v. Department of the Army*, 63 M.S.P.R. 41, 44 (1994), the appellant compiled a list of "waste, fraud, and abuse," "safety issues," and violation of "government regulations" that he observed at the agency, with the intention of disclosing the list to the Inspector General. The Board found that the agency may have perceived the appellant as a whistleblower to the extent that the agency knew of the list and the appellant's intention to disclose it. *Mausser*, 63 M.S.P.R. at 44. In *Thompson v. Farm Credit Administration*, 51 M.S.P.R. 569, 581-82 (1991), the agency's Chairman perceived the appellant to be "a dangerous proponent of a view that could prove embarrassing—possibly evidencing mismanagement and abuse of discretion." Based on our review of the facts and the law, we find that the appellant here

failed to set forth a nonfrivolous allegation that the agency perceived him as a whistleblower.

The appellant failed to raise any other basis to grant his petition for review.

The appellant argues on review that the administrative judge erred by not considering whether his alleged protected disclosures and status as a perceived whistleblower were a contributing factor in his termination. PFR File, Tab 1 at 17-19. Having found that the appellant failed to nonfrivolously allege that he made a protected disclosure or that he was perceived as a whistleblower divests the Board of jurisdiction; thus, there is no need to further assess his claims under the jurisdictional standard. *See Downing v. Department of Labor*, 98 M.S.P.R. 64, ¶¶ 6, 14 (2004) (holding that because the appellant did not make a nonfrivolous allegation that he made a protected disclosure, the Board did not address whether the purported disclosure was a contributing factor in the agency's decision to remove him), *aff'd*, 162 F. App'x 993 (Fed. Cir. 2006).

To the extent that the administrative judge committed an adjudicatory error by not ruling on the appellant's April 24, 2017 discovery motions, we find that such an error was not prejudicial nor were any of the appellant's substantive rights negatively impacted. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984); *see Bedynek-Stumm v. Department of Agriculture*, 57 M.S.P.R. 176, 178-79 (1993) (holding that the administrative judge did not commit a prejudicial error by failing to rule on a motion to compel).

On April 24, 2017, the appellant filed three discovery motions in a single pleading: a motion to compel the agency to respond to written discovery, a request for the administrative judge to issue a subpoena to the agency to respond to some of the appellant's written discovery requests, and a motion to extend the discovery period. IAF, Tab 4. However, the appellant, represented by counsel, did not fulfill the requirements regulating discovery requests and motions set forth in 5 C.F.R. § 1201.73, as he filed his motion to compel before the agency's responses to discovery were even due. 5 C.F.R. § 1201.73(d)(2); IAF, Tab 4 at 4,

14.     Further, the record is unclear on whether the appellant ever served his discovery requests on the agency's proper representative, even after learning that the agency official initially served with the discovery requests had retired prior to the filing of the appeal and that a new representative was not designated until April 26, 2017, or took on a good faith effort to work through the issues prior to filing his motion to compel, as required by 5 C.F.R. § 1201.73(a), (c).  IAF, Tab 4 at 6-7, 14, Tab 6 at 5; *see Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 12 (2010) (noting that an administrative judge may deny a motion to compel discovery if a party fails to comply with the requirements set forth in 5 C.F.R. § 1201.73).  As such, we find that the failure to rule on these motions was not prejudicial to the appellant and his rights were not negatively impacted.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.